UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MICHAEL ADAMS,                                          :
                                                       :          Case No.:
                                          Plaintiff,    :          1:20-cv-
                                                       :          01304 (VEC)
                    - against -                         : ·
                                                       :
FAMOUS CALABRIA PIZZA LLC and 27 ST. JAMES
HOLDING LLC,                                            :
                                                       :
                                      Defendants. :
-------------------------------------------------------------- X

       Defendants FAMOUS CALABRIA PIZZA LLC and 27 ST. JAMES HOLDING LLC (the

"Defendants"), by their attorney JEFFREY F. COHEN, answer the Complaint filed February 14,

2020 (the "Complaint") as follows:

1.     No response is required to paragraph 1 of the Complaint as it contains no allegations against

the Defendants and only conclusions of law and Defendants refer all questions of law to the Court.

2.     Defendants presently lack sufficient knowledge or information to determine the truth of the

allegations set forth in paragraph  2 of the Complaint except Defendants deny that the Plaintiff

visited the subject premises, or intends to return to said premises in the future, and further denies that

Plaintiff was denied or limited access to the subject premises, and refer all questions of law to the

Court.

3.     Defendant 27 St. James Holding LLC admits the truth of the allegations set forth in paragraph

3 of the Complaint.

4.     Defendant Famous Calabria Pizza LLC  admits the truth of the  allegations set forth in

paragraph 4 of the Complaint.

5.     Defendants lack sufficient knowledge or information to determine the truth of the allegations

set forth in paragraph 5 of the Complaint and refer all questions of law to the Court.

6.      Defendants deny the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Defendants deny the truth of the allegations  set forth in paragraph 7 of the Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 8 of the Complaint and refer all questions of law to the Court.

## FACTUAL ALLEGATIONS AND CLAIMS

9.      Defendants deny the truth of the  allegations set forth in paragraph 9 of the Complaint and

refer all questions of law to the Court.

10.      Defendants deny the truth of the allegations set forth in paragraph 10 of the Complaint and

refer all questions of law to the Court.

11.      Defendants deny the truth of the  allegations set forth in paragraph 11 of the Complaint and

refer all questions of law to the Court.

12.      Defendants deny the truth of the  allegations set forth in paragraph 12 of the Complaint, and

all of its subparagraphs, and refer all questions of law to the Court.

13.      Defendants deny the truth of the  allegations set forth in paragraph 13 of the Complaint.

14.      Defendants deny the truth of the allegations set forth in paragraph 14 of the Complaint and

refer all questions of law to the Court.

15.      Deny the truth of the allegations set forth in paragraph 15 of the Complaint and refer all

questions of law to the Court.

16.      Defendants deny the truth of the allegations set forth in paragraph 16 of the Complaint.

17.      No response is required to paragraph 17 of the Complaint as it contains no

allegations against the Defendants and refer all questions of law to the Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants deny that Plaintiff is entitled to any of the injunctive or other relief requested, nor attorney's fees, and respectfully requests that the Court dismiss the case in its entirety with prejudice, and enter judgment in their favor and against Plaintiff. Further, any other allegation not responded to is expressly denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     The Complaint is barred because Plaintiff lacks standing.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     Plaintiff has failed to allege sufficient facts to assert a claim, inasmuch as he has not set forth in his Complaint with particularity the date or dates in which he was denied and/or limited in his access.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     The Complaint is barred because the Defendants did not deny Plaintiff full and equal opportunity to utilize the property on the basis of an alleged disability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Upon information and belief, the Plaintiff's claims are barred based upon the doctrines of release, waiver, and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, the subject premises has not undergone any substantial remodeling, repairs, and/or alterations since *January 26, 1990*, and therefore since only those changes or modifications that are *"readily achievable"* need to be performed, that none of the demanded changes or modifications inside of the subject premises are "readily achievable."

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Plaintiff's claims as alleged are precluded as a matter of law because the subject premises is not subject to the provisions of the Americans with Disabilities Act ("ADA") since providing accessibility in conformance with ADA Standards at Sections 405 and 406 et seq. for individuals with certain disabilities (e.g., wheel chair bound) is not feasible at the subject premises because it would require expensive and extensive alterations and such alterations would unduly burden, would fundamentally alter the premises's services and facilities and substantially interfere with the business conducted on the premises.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     The Complaint is barred because the property at issue is not subject to the Americans with Disabilities Act ("ADA") to the extent that the property at issue was built before the ADA was enacted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are precluded because the subject premises is not subject to the provisions of the ADA since the Defendants have provided the best possible alternatives for access to and use of the premises given the existing circumstances.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are precluded because the subject premises is not subject to the ADA provisions since as a matter of law any alteration(s) demanded would be an unreasonable accommodation.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

27.     Plaintiff is not entitled to injunctive relief because he has failed to show an injury-

in-fact or a threat of real and immediate harm.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     The Complaint must be dismissed for failure to provide proper notice of the conditions alleged in the Complaint and an opportunity to cure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.     The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

30.     The removal of any claimed architectural barriers to access at the subject property is not readily achievable or economically feasible.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31.     The Complaint must be dismissed because Plaintiff does not have a good faith intent to return to the subject property and patronize its facilities.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32.     The Complaint must be dismissed because the Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

33.     An ADA compliant ramp has been installed, rendering Plaintiff's claim on this matter moot.

## AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE

34.     The Defendants reserve the right to add additional affirmative defenses as may be supported by law or facts at any time up to and including trial.

**WHEREFORE,** Defendants, FAMOUS CALABRIA PIZZA LLC and 27 ST. JAMES HOLDING

LLC , respectfully request a judgment (i) dismissing the Complaint in its entirety with prejudice; and

(ii) awarding such other and further relief as this Court deems just, proper and equitable

Dated: Bronx, New York
June 10, 2020

**JEFFREY F. COHEN**
*Attorneys for Defendants*

/s/ Jeffrey F. Cohen (# 6931)
617 East 188th Street, Suite No. 3
Bronx, New York 10458
(718) 741-9645   / (917) 334-6735
Jeffco123@aol.com